IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Samuel Shorter III, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>Michael Stephon, Associate Warden )<br>Peoples, )<br>)<br>　　　　Defendants. ) | Civil Action No. 6:19-cv-2403-TMC<br><br>**ORDER** |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. On September 20, 2019, the magistrate judge entered an Order alerting Plaintiff that his complaint was subject to dismissal for failure to state a claim and allowing Plaintiff fourteen days to correct the deficiencies identified therein. (ECF No. 12). Plaintiff filed an amended complaint. (ECF No. 15). However, still finding that the Plaintiff's complaint failed to state a claim for relief, the magistrate judge issued a second Order alerting Plaintiff that his complaint was subject to dismissal and allowing Plaintiff fourteen days to cure the described deficiencies. (ECF No. 18). Plaintiff did not file a second amended complaint. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case with prejudice and without issuance and service of process. (ECF No. 23). Plaintiff was advised of his right to file objections to the Report. *Id.* at 7. However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In

1

the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 23), which is incorporated herein by reference. Accordingly, the case is **DISMISSED *with prejudice*** [*] and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 26, 2019

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] The magistrate judge specifically warned Plaintiff that failure to cure the deficiencies identified in the Order found at docket entry 18 would result in the magistrate judge recommending dismissal with prejudice. (ECF No. 18). Plaintiff did not file an amendment to cure the deficiencies. Accordingly, because the magistrate judge gave Plaintiff an opportunity to amend and alerted Plaintiff of the consequences of not curing the deficiencies and because Plaintiff failed to file any such amendment, the court finds dismissal *with prejudice* to be appropriate.